IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRENCE A. THOMAS,
TDCJ-CID No. 01978406,

    Plaintiff,

v.                                          2:19-CV-212-Z-BR

DAVID R. BASSE,

    Defendant

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 6. The Court ordered the Defendants to submit authenticated records concerning Plaintiff's allegations, and the Defendants complied with responsive documents. ECF No. 12. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

**FACTUAL BACKGROUND**

Plaintiff's Complaint alleges that he was taken to the medical ward at the TDCJ Neal Unit on October 13, 2017. ECF No. 3 at 4. Plaintiff was seen by Defendant Basse and complained of continued chest pains. *See id.* Plaintiff alleges that after a cursory and ineffectual examination, Defendant Basse told Plaintiff, "You are fine." *Id.* Plaintiff's complaint acknowledges that this was a follow-up visit and several medical tests were performed the day before, including an EKG (electrocardiogram) and chest X-ray. *Id.* Plaintiff's Complaint acknowledges that Defendant Basse

reviewed these test results during the examination. *See id.* However, Plaintiff disagreed with the diagnosis and treatment provided by Defendant Basse, and alleges he continued to suffer pain following the appointment. *Id.* at 4. Plaintiff alleges he continues to suffer from chest pains. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

### ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

medical care or intentionally interfering with the treatment once prescribed." *Id.* Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care constitutes an Eighth Amendment violation only if there was deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) ("[E]mphasizing ... the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal marks omitted); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994)). Unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d at 235; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even laymen* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

The Court has reviewed the allegations in the Complaint and the authenticated records submitted by the Defendant. Plaintiff's own Complaint acknowledges extensive and costly testing and next day follow-up on results. Plaintiff suffered from chest pains and was provided an EKG and chest X-ray, which Plaintiff has not alleged revealed a condition or conditions requiring immediate treatment that was denied. *See* ECF No. 3 at 4. Further, Plaintiff has not alleged that he was denied access to medical care or testing to establish if he needed additional treatment. *See id.* At most, Plaintiff has alleged negligence or inadequate medical treatment, not deliberate indifference.

The Court recognizes that the management of complicated, chronic conditions (like heart issues) in a prison setting is not ideal. However, the authenticated records response and Plaintiff's allegations do not evince a wanton disregard for the medical needs of Plaintiff. *Johnson*, 759 F.2d at 1238. Plaintiff has failed to state a claim for which relief can be granted, and his Complaint is **DISMISSED**.

CONCLUSION

The Complaint is **DISMISSED**.

**SO ORDERED.**

March 20, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE